# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HAROLD J. MCGURL, JR., | : | Civil No. 1:21-CV-01304 |
| Petitioner, | : | |
| v. | : | |
| WARDEN OF SCI-FAYETTE, *et al.*, | : | |
| Respondents. | : | Judge Jennifer P. Wilson |

## **MEMORANDUM**

Harold J. McGurl, Jr. ("Petitioner") an inmate currently confined at the State Correctional Institution, Phoenix, in Collegeville, Pennsylvania, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.) Before the court is Petitioner's motion for appointment of counsel. (Doc. 65). For the reasons set forth below, the court will deny the motion without prejudice.

## DISCUSSION

There is no constitutional or statutory right to the appointment of counsel in federal habeas proceedings. *See Coleman v. Thompson*, 501 U.S. 722, 725 (1991); *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Appointment of counsel in a habeas proceeding is mandatory only if the district court determines that an evidentiary hearing is required.[1] *See* Rule 8(c) of the Rules Governing § 2254

---

[1] Should the court determine that a hearing is necessary, it will appoint counsel in accord with Rule 8(c) of the Rules Governing § 2254 Cases. *See United States v. Lasiello*, 166 F.3d 212, 213 n.3 (3d Cir. 1999).

1

Cases; 18 U.S.C. § 3006A(a)(2)(B).  Otherwise, a court may appoint counsel to represent a habeas petitioner if it "determines that the interests of justice so require," and that the petitioner is financially unable to obtain adequate representation.  *See* 18 U.S.C. § 3006A(a)(2); *see also Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993), *aff'd*, 275 F.3d 33 (3d Cir. 2001).  The United States Court of Appeals for the Third Circuit has stated that appointment of counsel for an indigent litigant should be made when circumstances indicate "the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case."  *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984).

The initial determination to be made by the court in evaluating the expenditure of the "precious commodity" of volunteer counsel is whether the case has some arguable merit in fact or law.  *Montgomery*, 294 F.3d at 499.  If a petitioner overcomes this threshold hurdle, other factors to be examined are:

    (1) the claimant's ability to present his or her own case;

    (2) the difficulty of the particular legal issues;

    (3) the degree to which factual investigation will be necessary and the ability of the claimant to pursue investigation;

    (4) the claimant's capacity to retain counsel on his or her own behalf;

    (5) the extent to which the case is likely to turn on credibility determinations; and,

>    (6) whether the case will require testimony from expert witnesses.

*Id.* (citing *Tabron*, 6 F.3d at 155–57).  The Third Circuit Court of Appeals added two other factors to be taken into consideration: (1) the court's willingness to aid the indigent party in presenting his or her own case; and (2) the available supply of lawyers willing to accept section 1915(e) requests within the relevant geographic area.  *See Gordon v. Gonzalez*, 232 F. App'x 153, 156 n.4 (3d Cir. 2007).

Assuming *arguendo* that the petition has merit, Petitioner fails to set forth any special circumstances warranting the appointment of counsel.  See *Tabron*, 6 F.3d at 155–56.  Petitioner has demonstrated the ability to present comprehensible arguments and he is intimately familiar with the facts of his case.  Furthermore, despite his incarceration, investigation of the facts does not seem beyond Petitioner's capabilities.  Moreover, the court notes that it does not have a large group of attorneys who would represent petitioner in a *pro bono* capacity.

Based on the foregoing, it does not appear that Petitioner will suffer prejudice if forced to prosecute this case on his own.  The court's duty to construe *pro se* pleadings liberally, *Riley v. Jeffes*, 777 F.2d 143, 147–48 (3d Cir. 1985) (*citing Haines v. Kerner*, 404 U.S. 519 (1972)), coupled with Petitioner's apparent ability to litigate this action, militate against the appointment of counsel.  Accordingly, the motion for appointment of counsel will be denied without prejudice.  As the Court in *Tabron* stated:

> [A]ppointment of counsel under § 1915(d) may be made at any point in the litigation and may be made by the district court *sua sponte* . . . even if it does not appear until trial (or immediately before trial) that an indigent litigant is not capable of trying his or her case, the district court should consider appointment of counsel at that point.

*Tabron*, 6 F.3d at 156–57.  Therefore, in the event that future proceedings demonstrate the need for counsel, the matter may be reconsidered either *sua sponte* or upon motion of Petitioner.

A appropriate order follows.

s/Jennifer P. Wilson<br>
JENNIFER P. WILSON<br>
United States District Judge<br>
Middle District of Pennsylvania

Dated: March 24, 2025